## STATE v. WILLIAM E. WILSON.

(Filed 15 January, 1965.)

**1. Appeal and Error § 24; Criminal Law § 156—**

An assignment of error to the charge should quote the portion of the charge to which appellant objects.

**2. Same—**

An assignment of error based on the failure of the court to charge should set out defendant's contention as to what the court should have charged.

**3. Appeal and Error § 19; Criminal Law § 154—**

An assignment of error should point out the particular matter relied upon so as to avoid the necessity of going beyond the assignment itself to ascertain the question sought to be presented.

APPEAL by defendant from *Latham, J.,* January, 1964 Criminal Session, ALAMANCE Superior Court.

This criminal prosecution was based upon a bill of indictment charging that on July 21, 1963, the defendant unlawfully, wilfully, and feloniously assaulted J. D. Greeson with a deadly weapon, to-wit: a pistol, with intent to kill, inflicting serious injury not resulting in death. The defendant entered a plea of not guilty.

The evidence for the State tended to show that the prosecuting witness, J. D. Greeson, and the defendant, William E. Wilson, were brothers-in-law. The prosecuting witness and his wife, the defendant's sister, had separated. In the afternoon the witness passed by the home where his wife lived, saw the defendant's and the defendant's father's automobiles parked in the yard, but did not stop. After night, according to his testimony, he drove back by the house. The automobiles were

gone. He went to the back of the house and called his wife's name and receiving no answer, he said "This is J. D." As he approached the house from the back, he was shot twice with a pistol. At the hospital the doctor discovered two wounds: one through the arm and one into the chest cavity. It was the doctor's opinion that one bullet inflicted both wounds. The defendant told the officer he did the shooting but he shot to scare the intruder and did not think he hit anyone. There was evidence the pistol wounds caused serious injury.

The jury returned a verdict finding the defendant "Guilty of assault with a deadly weapon." From the judgment imposed, the defendant appealed.

*T. W. Bruton, Attorney General; Harry W. McGalliard, Deputy Attorney General; Richard T. Sanders, Assistant Attorney General; E. Glenn Kelly, Staff Attorney for the State.*
*Clarence Ross, B. F. Wood for defendant appellant.*

PER CURIAM. The assignments of error based on exceptions to the charge are defective. The appellant should quote in each assignment the part of the charge to which he objects. An assignment based on failure to charge should set out the defendant's contention as to what the court should have charged. The assignments should present the questions without requiring "a voyage of discovery" through the record.

The requirement that the assignments disclose the matters alleged as error is for the benefit of all members of the Court in their pre-argument examination of the record. After the argument the author, in preparing the opinion, makes a meticulous examination of the record. Ordinarily, however, the other members of the Court examine and check the opinion in the light of appellant's exceptive assignments. "Always the very error relied upon shall be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is." *Nichols v. McFarland*, 249 N.C. 125, 105 S.E. 2d 294.

The assignments of error, when properly prepared, pinpoint the controversy. This Court is entitled to that assistance from appellant's counsel.

The record before us does not disclose error of law in the trial.

No error.