STATE OF NORTH CAROLINA v. WILLIAM E. PATTON, JR.

No. 6915SC283

(Filed 23 July 1969)

1. **Criminal Law § 161— what constitutes assignment of error**

   A proper assignment of error is the statement of the error complained of when there is a grouping together of all exceptions taken during the trial of a case relating to one principle of law.

2. **Criminal Law § 114— instructions — use of "the witness said," etc.**

   When the charge to the jury is considered as a whole, trial judge's use

of the words "the witness testified," "the witness said," "he stated," and similar phrases, was not prejudicial error.

**3. Criminal Law § 92— consolidation of crimes**

Trial court properly consolidated for trial the three charges against defendant of safecracking, felonious breaking and entering and felonious larceny, where State's evidence tended to show that defendant and two accomplices broke and entered a place of business through a back window, removed a safe containing over seven hundred dollars to a garage, opened the safe with an iron bar and an acetylene torch, and divided the money among the three of them. G.S. 15-152.

APPEAL by defendant from *Bowman, S.J.,* January 1969 Session of Superior Court of ALAMANCE County.

Defendant was tried upon two bills of indictment, proper in form, charging the defendant in one bill with the violation of G.S. 14-89.1 entitled "Safecracking and safe robbery," and in the other bill with the felony of breaking and entering and the felony of larceny.

Upon a plea of not guilty, trial was by jury and the verdict was guilty.

From the imposition of prison sentences, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney Richard N. League for the State.*

*John D. Xanthos for defendant.*

MALLARD, C.J.

**[1, 2]** In the record before us defendant has 120 purported assignments of error based on 120 exceptions taken. A proper assignment of error is the statement of the error complained of when there is a grouping together of all exceptions taken during the trial of a case relating to one principle of law. In this case the defendant has ten exceptions and ten different assignments of error to the use by the judge in charging the jury of the two words "he testified." There are six exceptions and six assignments of error to the use by the judge in charging the jury of the three words "the witness testified," and six more exceptions and assignments of error to the use by the judge in charging the jury of the two words "he stated." The defendant in his brief states that forty-nine of the assignments of error pertain to expressions used by the court throughout the charge such as "he testified," "he stated," "the witness said" and similar phrases. It is thus seen that there was no grouping together under one assign-

ment of error of all the exceptions taken relating to this one prin-
ciple of law. There were altogether 116 exceptions and 116 purported
assignments of error stated with respect to the charge. We have
carefully read the charge and are of the opinion that, taken as a
whole, no prejudicial error is made to appear therein.

**[3]** Defendant also contends that the court committed error in
granting the motion of the State to consolidate the safecracking case
with the breaking and entering and larceny case. The evidence
tended to show that the place of business operated by Carl Thomas
Needham under the name of Needham's Produce Market, at 2223
Maple Avenue, Burlington, was broken into and entered on the eve-
ning of November 9, 1968, or early morning of November 10, 1968,
by the defendant acting in concert with Everette O. Heritage and
Jim Griggs. Heritage and Griggs testified as witnesses for the State.
The defendant offered no witnesses. After the entry was made
through a back window that had been broken out by the defendant,
a safe containing over seven hundred dollars in money was stolen
therefrom and taken to a garage. The defendant helped to open the
safe with an iron bar and an acetylene torch. The money from the
safe was divided between the three of them. The three charges in-
cluded in the two bills of indictment were so connected as to make
the three offenses one continuous criminal episode. The court did
not commit error in ordering the cases consolidated. G.S. 15-152.
*State v. Arsad,* 269 N.C. 184, 152 S.E. 2d 99 (1967).

Defendant's second contention is that the court committed error
in failing to allow defendant's motion for judgment as of nonsuit at
the close of the evidence. This contention is without merit and re-
quires no discussion.

We have considered all of the assignments of error brought for-
ward and discussed by defendant in his brief and find that no
prejudicial error has been made to appear.

No error.

BRITT and PARKER, JJ., concur.