CHARLES B. NYE v. UNIVERSITY DEVELOPMENT COMPANY

No. 7114SC214

(Filed 31 March 1971)

1. Appeal and Error § 24— duty of appellant — preparation of case on appeal

It is not the function of the appellate court to search out possible errors which may be prejudicial to an appellant; it is the appellant's duty, acting within the rules of practice, to point out to the appellate court the precise error of which he complains.

Nye v. Development Co.

**2. Appeal and Error § 24— grouping of exceptions**

All exceptions which present the same single question of law must be grouped together and assigned as error. Court of Appeals Rule of Practice No. 19(c).

**3. Appeal and Error § 24— assignment of error — single question of law**

An assignment of error must present a single question of law; where the assignment attempts to present more than one question of law, it is broadside and ineffective.

**4. Frauds, Statute of § 6— oral promise to release property from deed of trust**

An oral promise to release property from the lien of a deed of trust is enforceable. G.S. 22-2.

**5. Registration § 1; Mortgages and Deeds of Trust §§ 9, 11— agreement to release property from deed of trust — recordation**

An agreement to release property from the lien of a deed of trust does not have to be recorded. G.S. 47-18.

**6. Mortgages and Deeds of Trust § 37— wrongful foreclosure — measure of damages**

To recover damages for the wrongful foreclosure of a deed of trust, the plaintiff may elect to sue the *cestui* for the true worth of the property.

Judge VAUGHN concurs in the result.

APPEAL by defendant from *McKinnon, Judge of Superior Court,* 19 October 1970 Session, DURHAM Superior Court.

Plaintiff instituted this action to recover damages for wrongful foreclosure of a deed of trust and sale of plaintiff's lot.

Pertinent facts, which are not in dispute, may be summarized as follows: Defendant conveyed to one Realty Company a group of lots, including lot No. 61, Section A, Tract 1. Realty Company executed to defendant its note, secured by a deed of trust on the lots conveyed, for the purchase price. The deed of trust contained an agreement that defendant would release from the lien of the deed of trust one lot for each $1,400.00 paid to defendant by Realty Company. Plaintiff negotiated a purchase of said lot No. 61 from Realty Company, and Realty Company paid defendant $1,400.00 for release of said lot No. 61. A deed was executed by Realty Company to plaintiff, but no deed of release has been shown to have been executed by defendant to Realty Company. Realty Company defaulted on its note and

defendant caused a sale of the lots, including said lot No. 61, to be conducted by the trustee. Defendant was high bidder at the sale and later conveyed the lots, including said lot No. 61, to a third party.

Plaintiff offered evidence which tended to show that defendant accepted the $1,400.00 payment for the specific purpose of releasing lot No. 61; and that defendant's agent told plaintiff that the lot would be released upon receipt of the $1,400.00.

By stipulation the case was tried before Judge McKinnon sitting without a jury. Judgment was rendered allowing plaintiff to recover from defendant the sum of $4,250.00, based upon the fair market value of the lot on the date of the foreclosure sale. Defendant appealed.

*Arthur Vann for the plaintiff.*

*Robinson O. Everett for the defendant.*

BROCK, Judge.

[1] We are aware of the points argued by defendant in oral argument and in its brief. However, we have been considerably disturbed in undertaking to pass upon questions which defendant undertakes to present in this appeal by its assignments of error. We have probably spent more time on this case than is justified in trying to unravel and understand defendant's assignments of error. It is not the function of the appellate courts to search out possible errors which may be prejudicial to an appellant; it is an appellant's duty, acting within the rules of practice, to point out to the appellate court the precise error of which he complains.

[2] It is the duty of an appellant to have exceptions properly noted to rulings of the trial court which an appellant deems error. In the case presently before us, defendant seems to have properly noted numerous exceptions throughout the pre-trial, trial, and post-trial proceedings. However, his duty did not end with the recording of his exceptions. Our Rule 19(c) provides: "All exceptions relied on shall be grouped and separately numbered . . . . " This requirement for grouping of exceptions is designed to have all exceptions which present the same single question of law grouped together and assigned as error. Conversely, one asignment of error should have grouped under it

all exceptions which present the same single question of law. It is the grouping of exceptions (whether one or more) presenting the same single question of law, which constitutes an assignment of error.

[3]  As noted above our rules require the "grouping of exceptions"; *i.e.*, the assignments of error, but any single assignment of error must present a single question of law. Clearly, more than one exception may be grouped under a single assignment of error, but this may be done only when all the exceptions relate to but a single question of law.

For further discussion of the function of assignments of error, see, *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534; *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736; *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912; *State v. Atkins,* 242 N.C. 294, 87 S.E. 2d 507; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785 (giving examples of proper and improper grouping of exceptions under one assignment of error) ; *State v. Patton,* 5 N.C. App. 501, 168 S.E. 2d 500; and *State v. Conyers,* 2 N.C. App. 637, 163 S.E. 2d 657.

In the case *sub judice* defendant has made the mistake which has so often been warned against; that of grouping under one assignment of error exceptions which present several questions of law. Where one assignment of error attempts to present more than one question of law it is broadside and ineffective. *State v. Blackwell, supra.*

For example, defendant, under assignment of error number one has grouped his exceptions numbers 1, 7, 8, 11, 12 and 13. Exception #1 was entered to the order overruling defendant's demurrer to the complaint. Exception #7 was entered to the order denying defendant's motion for nonsuit at close of plaintiff's evidence. Exception #8 was entered to the order denying defendant's motion for nonsuit at close of all the evidence. Exception #11 was entered to finding of fact number 6 in the judgment. Exception #12 was entered to the first conclusion of law in the judgment. And exception #13 was entered to the signing of the judgment. Exceptions 7 and 8 are the only two of the six exceptions which could properly be grouped together.

We do not wish to labor too long over the impropriety of the defendant's grouping of exceptions (assignments of error), but feel it might be beneficial to give one additional example. Under

assignment of error number two defendant has grouped exceptions numbers 2, 3, 5, 11 and 12. Exceptions 2, 3 and 5 were entered to orders overruling defendant's objections to testimony of witnesses, but here the similarity ends. Each of the three exceptions ( 2, 3 and 5) have for their basis different rules of law and evidence, and the mere fact that they all relate to testimony does not mean that they present a single question of law. Exception #11 was entered to finding of fact number 6 in the judgment. Exception #12 was entered to the first conclusion of law in the judgment. It seems clear that these exceptions do not present a single question of law.

[4, 5] We have been able to glean from defendant's exceptions that it is its contention that the statute of frauds, G.S. 22-2, prevents the enforcement of an oral promise to release property from the lien of a deed of trust, and that the recordation statute, G.S. 47-18, requires the recordation of such a release for it to be effective. It seems that this question has been conclusively answered against defendant's contention. It was held in *Stevens v. Turlington,* 186 N.C. 191, 119 S.E. 210, that an unexecuted verbal agreement, made by a mortgagee for a valuable consideration, to release a real estate mortgage does not come within the statute of frauds. And, it logically follows, if such an agreement is not required to be in writing to be enforceable as between the parties, certainly it is not required to be recorded.

[6] Also we have gleaned from defendant's exceptions that it is its contention that the trial judge applied an improper measure of damages. Specifically defendant contends that, if plaintiff is entitled to recover damages, the damages must be measured by the consideration paid by plaintiff for the lot ($1400.00), and not its fair market value on the date of the foreclosure sale. The question of the measure of damages for wrongful foreclosure has also been decided adversely to defendant's contention. The plaintiff had the option, which he exercised, to sue the *cestui* to recover the true worth of the property. *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481; *Burnett v. Supply Co.,* 180 N.C. 117, 104 S.E. 137; 5 Strong, N.C. Index 2d, Mortgages and Deeds of Trust, § 37, p. 593.

No error.

Judge MORRIS concurs.

Judge VAUGHN concurs in the result.