State v. Clark

---

STATE OF NORTH CAROLINA v. DUPREE CLARK

No. 74ISC403

(Filed 19 June 1974)

1. **Criminal Law § 161— assignments of error — one question of law**

    An assignment of error which attempts to present more than one question of law is broadside and ineffective.

2. **Criminal Law § 161— assignment of error — denial of three motions — alleged denial of constitutional rights — more than one question of law**

    An assertion that the denial of three different motions violated defendant's First and Fourteenth Amendment rights does not mean that the same question of law is presented by the denial of each motion and that exceptions to such denials may be grouped under the same assignment of error.

3. **Indictment and Warrant § 6— affidavit for warrant — personal knowledge of affiant**

    Affidavit for an arrest warrant shows that it was made on the personal knowledge of the sheriff-affiant where the sheriff stated under oath that defendant failed and refused to disperse when the sheriff commanded defendant to disperse.

4. **Disorderly Conduct and Public Drunkenness § 2— failure to disperse — constitutionality of portion of disorderly conduct statute**

    In a prosecution under G.S. 14-288.5 for failing to comply with a command to disperse by a law enforcement officer who reasonably believed that disorderly conduct by an assemblage of three or more persons was occurring, the constitutionality of section (a)(2) of the disorderly conduct statute, G.S. 14-288.4 as amended in 1971, was not presented where the trial judge restricted the jury's consideration of what constituted disorderly conduct to sections (a)(3), (a)(4) and (a)(5)b. of that statute.

State v. Clark

**5. Disorderly Conduct and Public Drunkenness § 2— refusal to disperse — warrant need not specify disorderly conduct**

It is not necessary for a warrant drawn under G.S. 14-288.5 to specify the disorderly conduct by an assemblage of three or more persons that the officer reasonably believed was occurring.

**6. Criminal Law §§ 18, 134— erroneous judgment in district court — trial de novo in superior court**

Even if the district court judgment was erroneous in reciting that defendant was found guilty of a violation of G.S. 14-288.4 instead of G.S. 14-288.5, defendant was not prejudiced by failure of the superior court to remand the case to the district court for a proper judgment where defendant received a trial *de novo* in the superior court.

**7. Constitutional Law § 30— appeal to superior court — belated motion for transcript of district court trial**

In an appeal to superior court from conviction in the district court, the superior court did not err in the denial of defendant's motion for a free copy of the transcript of the trial in the district court where defendant made no request for a transcript until the case was called for trial in the superior court, no transcript had been prepared by the court reporter, and defendant had had ample opportunity to seek a transcript prior to the time the case was called for trial in the superior court.

**8. Disorderly Conduct and Public Drunkenness § 2— failure to disperse — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for failing to comply with a lawful command to disperse in violation of G.S. 14-288.5 where it tended to show that defendant was one of a group of 30 to 40 people who entered the office of a school superintendent's secretary at 11:30 a.m. and demanded that the group be allowed to talk with the superintendent about the reemployment of a specified person, that the superintendent stated he would meet with a committee from the group but not all of them, that half of the group entered the superintendent's office, that their conduct consisted of singing, shouting, stomping of feet and prostration of bodies on the floors and desks, that the sheriff requested the group to leave on several occasions, and that the group was arrested at 6:30 p.m. after they refused to leave the superintendent's office.

**9. Jury § 6— examination of prospective jurors — presence at meetings with defendant**

In a prosecution for failing to comply with a lawful command to disperse, the trial court did not err in permitting the solicitor to ask prospective jurors whether they had attended meetings at a certain church while defendant was at the church.

**10. Criminal Law § 102— jury argument of solicitor**

The solicitor's argument to the jury did not exceed reasonable bounds in a prosecution for failing to comply with a lawful command to disperse.

State v. Clark

**11. Criminal Law § 163— exceptions to charge**
    Exceptions to the charge are ineffective where they fail to identify
    the portions of the charge which defendant considers erroneous.

APPEAL by defendant from *Copeland, Judge,* 12 September
1973 Session of Superior Court held in CHOWAN County. Argued
in the Court of Appeals 18 April 1974.

Defendant was charged in a warrant, drawn under G.S.
14-288.5, with unlawfully and wilfully failing and refusing to
disperse when commanded to do so by Sheriff Troy Toppin, a
law enforcement officer responsible for keeping the peace, when
said officer reasonably believed that disorderly conduct, by an
assemblage of three or more persons, was occurring.

Defendant was tried in District Court and found guilty by
the judge of "Disorderly Conduct by Failure to Disperse which
is a violation of G.S. 14-288.4 and of the grade of misdemeanor."
Upon appeal to Superior Court, defendant was tried de novo by
jury upon the original warrant and found guilty of "Failure to
Disperse as charged in the Warrant."

The State's evidence tends to show the following:

On 16 May 1973, at approximately 11:30 a.m., Mr. Edwin
L. West, Jr., Superintendent of the Edenton-Chowan School Sys-
tem, heard a stomping noise on the stairs leading to his office
in the county office building. Thereafter, the noise in his outer
office disturbed him, and, upon investigation, he found 30 or
40 people in his secretary's office. The ages of members of the
group ranged from nine to thirty-five years old.

The defendant informed West that the group had come to
talk with West concerning the reemployment of Mr. Richard
Satterfield. West advised defendant that he would meet with a
committee from the group, but not all of them. Defendant then
delivered an ultimatum that West would see all of the group or
none of them. West then testified:

> "I asked him to leave because we were trying to carry on
> normal office operations and he said they were going to
> stay there until they got arrested. When he said that the 30
> or 40 people were in the room and my secretary. The rest
> of the group was listening."

West then returned to his private office. A few minutes
later, approximately half of the group entered West's private

office. The conduct of the group within West's office was the same as that of the other half of the group, consisting of shouting, singing, stomping of feet, and prostration of bodies on the floors and desks of the offices. Finding it impossible to carry on any business activity, West sent his employees home at 1:30 p.m.

West called Sheriff Toppin immediately after the group entered his offices. West left the office shortly thereafter and returned at 3:00 p.m. and later at 6:45 p.m. West requested defendant and the group to leave the offices both times, informing the group at 3:00 p.m. that the offices normally closed at 4:30 p.m.

Troy Toppin, Sheriff of Chowan County, entered West's offices after receiving a call from West. Toppin advised the group that a committee of three or four could talk with West and that the remainder would have to remain quiet or leave the premises.

Defendant informed Toppin that his intent was "to lead the group to be heard," that he did not have a "violent intent," and that "they would not leave until they were heard."

Toppin checked on the group periodically during the day after stationing a deputy outside the door to the office suite. Members of the group would occupy the various offices while other members would go to a nearby drug store to get something to eat and return. At 3:00 p.m., Toppin advised the group that the building is customarily locked at 5:00 p.m., and that he wanted the group out of the building at that time.

At 6:30 p.m., Toppin accompanied West to the offices where West requested the group to leave or they would be placed under arrest and removed from the offices. Toppin then requested the group to leave two or three times, and placed them under arrest when none left. The group obediently marched out of the building in single file to the jail where they were incarcerated.

The defendant offered no evidence. From the verdict of guilty and judgment of imprisonment for a period of six months, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Melvin, for the State.*

*Paul, Keenan & Rowan, by Jerry Paul, for the defendant.*

---

State v. Clark

---

BROCK, Chief Judge.

Defendant has done considerable violence to very fundamental rules of appellate practice in North Carolina. He has grouped, under one assignment of error, exceptions which present several questions of law. The requirement for grouping exceptions is designed to have all exceptions which present the same single question of law grouped together and assigned as error. "It is the grouping of exceptions (whether one or more) presenting the same single question of law, which constitutes an assignment of error." *Nye v. Development Company,* 10 N.C. App. 676, 179 S.E. 2d 795. Explanation of the function of assignments of error has been stated time and again. See, *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534; *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736; *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912, *State v. Atkins,* 242 N.C. 294, 87 S.E. 2d 507; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785; *State v. Dickens,* 11 N.C. App. 392, 181 S.E. 2d 727; *State v. Patton,* 5 N.C. App. 501, 168 S.E. 2d 500; and *State v. Conyers,* 2 N.C. App. 637, 163 S.E. 2d 657.

**[1, 2]** For example, defendant has grouped under his first assignment of error his exceptions to (1) denial of his motion to quash the warrant, (2) denial of his motion to remand the case to the District Court or dismiss, and (3) denial of his motion for a free transcript of his trial in the District Court. Defendant undertakes to group these three assignments of error together upon his assertion that the rulings of the trial court violated defendant's First and Fourteenth Amendment rights. Nevertheless, it takes only a passing glance to determine that each of these three exceptions involves different questions of law. Lumping them under broad constitutional principles does not suffice. Where one assignment of error attempts to present more than one question of law, it is broadside and ineffective. *State v. Blackwell, supra.* The fact that defendant asserts that the denial of his three motions violates his First and Fourteenth Amendment rights does not mean that they present the same question of law for resolution.

Under another assignment of error, defendant groups exceptions numbers 46 through 55 and for his assignment of error states: "The trial court erred in its instructions to the jury in that the trial court (1) misstated the law; (2) expressed opinions to the jury; and (3) inaccurately summarized the evi-

dence for the State." Again, it is clear at a glance that these exceptions do not present the same question of law.

We will not belabor further the impropriety of defendant's grouping of exceptions (assignments of error). Suffice it to say, it appears that many exceptions have been abandoned, and that others fail to clarify what question defendant seeks to raise. We will proceed as best we can, in the light of defendant's cumbersome presentation of the record on appeal, to discuss questions which have been identified and pursued on appeal.

[3] Defendant argues that the warrant should have been quashed because no probable cause for arrest is shown in the affidavit executed in support of the warrant for arrest. He argues that the affiant must state that he is speaking from personal knowledge, or must specify the source of his knowledge. The affidavit reads as follows:

> "The undersigned, Sheriff Troy Toppin, being duly sworn, complains and says that at and in the County named above and on or about the 16th day of May, 1973, the defendant named above did unlawfully, wilfully, fail and refuse to disperse when commanded to do so by a law enforcement officer responsible for keeping the peace, to wit: Sheriff Troy Toppin, when said officer reasonably believed that disorderly conduct as defined by G.S. 14-288.4 was occurring by the assemblage of three or more persons in the Chowan County Office Building."

It seems ludicrous to suggest that the affidavit does not clearly show that it was made on the personal knowledge of Sheriff Toppin. The sheriff states under oath that defendant failed and refused to disperse when he, the sheriff, commanded defendant to disperse.

Defendant further argues that the warrant should have been quashed because G.S. 14-288.4 and G.S. 14-288.5 are unconstitutional. The only argument advanced by defendant with respect to G.S. 14-288.5 is that by its terms it must rely upon the validity of G.S. 14-288.4. Therefore, defendant relies upon his assertion that G.S. 14-288.4 is unconstitutional because it is vague and overbroad.

At the outset, defendant cites and argues the holding of *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 569 that portions of G.S. 14-288.4 are unconstitutional. Defendant has misplaced

his reliance. *Summrell* was decided under G.S. 14-288.4 as adopted in 1969. The statute was amended by Chapter 668 of the 1971 Session Laws, effective upon its ratification on 25 June 1971. The offenses charged in *Summrell* were committed on 6 July 1970 and he was tried in Superior Court during the 10 May 1971 Session, all before the enactment of G.S. 14-288.4 as it read at the time of the offense alleged in the case, *sub judice.* Additionally, in *Summrell,* the defendant was charged and convicted of the offense of disorderly conduct as defined by G.S. 14-288.4 (1969). Defendant in the present case is not charged with the offense of disorderly conduct; he is charged and was convicted in Superior Court, of the offense of failing to comply with a lawful command to disperse in violation of G.S. 14-288.5. The offense of disorderly conduct as proscribed by G.S. 14-288.4 and the offense of failing to comply with a lawful command to disperse as proscribed by G.S. 14-288.5 are not the same. Defendant's argument is wide of the mark.

[4]  Defendant also argues that section (a) (2) of G.S. 14-288.4, as amended in 1971, is unconstitutionally vague and overbroad. This argument has no application to the present case because the trial judge restricted the jury's consideration of what constituted disorderly conduct to sections (a) (3), (a) (4), and (a) (5) b. of G.S. 14-288.4 (1971). Defendant advances no argument that these sections are unconstitutional. The statute is severable. "If any word, clause, sentence, paragraph, section, or other part of this act shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof." Sec. 3, Chapter 668, 1971 Sessison Laws. Therefore, a determination of the constitutionality of G.S. 14-288.4 (a) (2) is not necessary for a disposition of this appeal, and we make no determination.

[5]  We recognize that defendant argues that G.S. 14-288.4 must be considered in its entirety. He argues that under the warrant in question, defendant is unable to determine what section of G.S. 14-288.4 he is charged with violating so as to be in violation of G.S. 14-288.5. This argument has no merit. Defendant was charged and convicted in Superior Court of the offense of failing to comply with a lawful command to disperse. It is not necessary for a warrant drawn under G.S. 14-288.5 to specify the disorderly conduct by an assemblage of three or more persons the officer reasonably believes is occurring. Under G.S. 14-288.5, the failure to disperse when commanded by an officer would

be an offense where no disorderly conduct was occurring so long as it is shown on trial that the officer had reasonable grounds to believe that disorderly conduct was occurring by an assemblage of three or more persons.

G.S. 14-288.5 (a) and (b), under which defendant is charged, reads as follows:

"(a) Any law-enforcement officer or public official responsible for keeping the peace may issue a command to disperse in accordance with this section if he reasonably believes that a riot, or disorderly conduct by an assemblage of three or more persons, is occurring. The command to disperse shall be given in a manner reasonably calculated to be communicated to the assemblage.

"(b) Any person who fails to comply with a lawful command to disperse is guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars ($500.00) or imprisonment for not more than six months."

Although the warrant in this case contains elaboration in addition to the statute (G.S. 14-288.5), it nevertheless charges in the words of the statute. The affidavit, stripped of elaboration, reads:

" . . . [O]n or about the 16th day of May, 1973, the defendant named above did . . . wilfully fail . . . to disperse when commanded to do so by a law enforcement officer responsible for keeping the peace, . . . when said officer reasonably believed that disorderly conduct . . . was occurring by the assemblage of three or more persons . . ." .

If the defendant desired more definite information about the particular disorderly conduct the officer reasonably believed was occurring, he had the right to request a bill of particulars. In the absence of such request, he has no cause to complain.

In *State v. Frazier*, 280 N.C. 181, 185 S.E. 2d 652, defendant urged a fatal variance between indictment and proof. The indictment charged murder in the following words:

"THE JURORS FOR THE STATE UPON THEIR OATH DO PRESENT, That Johnny Frazier late of the County of Mecklenburg on the 18 day of June 1970, with force and arms, at and in the said County, feloniously, wilfully, and of his malice aforethought, did kill and murder Carla Jean

State v. Clark

Underwood contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Upon trial, the evidence disclosed a homicide committed in the perpetration of a robbery. In *Frazier,* the Court held that the indictment was proper in form and further stated:

"The indictment is sufficient in form to allege murder and support a conviction of murder in the first degree. G.S. 15-144; *State v. Haynes,* 276 N.C. 150, 171 S.E. 2d 435. G.S. 14-17 provides that a murder committed in the perpetration of a robbery or other felony shall be deemed murder in the first degree. It is not required that the indictment allege that the murder was so committed in order that it be sufficient to support a verdict of murder in the first degree. *State v. Haynes, supra.* In *State v. Mays,* 225 N.C. 486, 489, 35 S.E. 2d 494, this Court, speaking through Justice Barnhill, later Chief Justice, said:

'The bill of indictment charges the capital felony of murder in the language prescribed by statute. G.S., 15-144. It contains every averment necessary to be made. *S. v. Arnold,* 107 N.C. 861; *S. v. R. R.,* 125 N.C., 666. Proof that the murder was committed in the perpetration of a felony constitutes no variance between *allegata* and *probata. S. v. Fogleman,* 204 N.C., 401, 168 S.E., 536.

If the defendant desired more definite information, he had the right to request a bill of particulars, in the absence of which he had no cause to complain.' "

We note that by the time defendant was placed on trial in Superior Court he had already been tried in District Court where defendant was fully apprised, or through cross-examination had the opportunity to be fully apprised, of the particular disorderly conduct the officer believed was occurring.

[6]   Defendant argues that the case should have been remanded to the District Court for a proper judgment because the District Court judgment recited that defendant was found guilty of a violation of G.S. 14-288.4 instead of G.S. 14-288.5 as he was charged. Conceding, without deciding, that the District Court judgment is erroneous, nevertheless, defendant appealed to Superior Court where his trial was *de novo.* The purpose of the

State v. Clark

appeal was to obtain a new trial free from the errors defendant may have felt were committed in District Court. He received a new trial from beginning to end, on the charge contained in the warrant, on both law and facts, disregarding completely the plea, trial, verdict and judgment in the District Court. A remand to the District Court would accomplish nothing but delay. Defendant has failed to show prejudice from the refusal to remand to the District Court.

[7]  Defendant argues that it was prejudicial error for the Superior Court to deny his motion for a free copy of the transcript of the trial in District Court. During defendant's trial in District Court, the regular Court Reporter recorded the proceedings. However, although more than a month passed between the time defendant was tried in District Court and the time he was tried in Superior Court, the defendant made no request for transcript of the District Court trial until the date defendant's case was called for trial in the Superior Court. The Court Reporter did not prepare a transcription of the proceedings in District Court because no one requested a transcript. Defendant's counsel, the District Attorney, and the Superior Court Judge held a pre-trial conference in this case on 22 August 1973. The case was originally set for trial on 5 September 1973 and defense counsel appeared and consented to a continuance until 11 September 1973. Therefore, defendant had ample opportunity to seek a transcript prior to the time the case was called for trial. Defendant has failed to show denial of a timely request for a copy of the transcript of the proceedings in District Court.

Exception numbers 5 through 43, entered to rulings upon admissions and exclusions of evidence, are grouped under Assignment of Error No. II. They present a variety of questions of law. The assignment of error is broadside and of no effect. *State v. Blackwell, supra.* Also, the assignment of error is deemed abandoned for failure of defendant to support it by reason, argument, or citation of authority. Rule 28, Rules of Practice in the Court of Appeals.

[8]  Defendant argues that the trial judge committed error in the denial of defendant's motions to dismiss at the close of the evidence. Upon this question, we merely hold that, in our opinion, the evidence was sufficient to require submission of the case to the jury.

[9]  Defendant assigns as error that the trial court permitted improper questions by the State to prospective jurors. The

District Attorney inquired whether any member of the jury had attended meetings at Gale Street Baptist Church while defendant was at the church. The trial judge overruled defendant's objection to the question. No prejudice to defendant or abuse of discretion by the trial judge has been shown, or even argued, by defendant.

[10]  Defendant assigns as error that the trial judge permitted improper argument to the jury by the District Attorney. We fail to see how the argument objected to by defendant exceeded reasonable bounds. The trial judge overruled defendant's objection. In doing so, the trial judge was correct.

[11]  Defendant's final assignment of error is to the trial judge's instructions to the jury in that he (1) misstated the law, (2) expressed opinions to the jury, and (3) inaccurately summarized the evidence for the State. Under this assignment of error defendant groups exceptions 46 through 55. From the assignment of error itself, it is obvious that it presents more than one single question of law. It is therefore broadside and ineffective. *State v. Blackwell, supra.* Also, the exceptions themselves fail to identify the portion of the instructions to the jury that defendant considers erroneous. It appears that the instructions constituted a fair explanation to the jury of the appropriate principles of law to be applied to the evidence.

No error.

Judges Parker and Baley concur.