STATE OF NORTH CAROLINA v. MAUDIE MAE CLAY

No. 7515SC438

(Filed 1 October 1975)

1. **Assault and Battery § 13— felonious assault — serious injury — hearsay — harmless error**

In a prosecution for felonious assault, the erroneous admission of the victim's testimony as to what the doctor told him about why a cast could not be put on his injured arm and how the doctor told him to carry his arm in a sling was not prejudicial to defendant where evidence previously admitted without objection was sufficient to show a serious injury.

State v. Clay

2. **Assault and Battery § 13— felonious assault — showing wound to jury**
    The victim of a felonious assault was properly permitted to display to the jury the bullet wound on his neck.

3. **Criminal Law § 169— exclusion of testimony — absence of answer in record**
    No prejudice was shown in the exclusion of testimony where the record failed to show what the answer of the witness would have been had he been permitted to answer the question asked.

4. **Criminal Law § 161— assignment of error — more than one question of law**
    An assignment of error which attempts to present more than one question of law is broadside and ineffective.

5. **Criminal Law § 119— requested instructions not given verbatim**
    The trial court did not err in failing to give requested instructions where the instructions were implicit in the charge, although not with the elaboration requested.

APPEAL by defendant from *Walker, Judge.* Judgments entered 12 March 1975 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 September 1975.

Defendant was charged in two bills of indictment: (1) with assault upon William Andrew Murdock with a deadly weapon with intent to kill, inflicting serious injuries not resulting in death; and (2) with assault upon Otherell Tinnin with a deadly weapon with intent to kill, inflicting serious injuries not resulting in death. The cases were consolidated for trial.

The State's evidence tends to show the following: During the evening of 30 September 1974, Murdock and Tinnin went to defendant's house to purchase beer. When they arrived, they were admitted by one Bud Gattis, who sold them two beers each, for which Murdock paid $2.00. Defendant's kitchen contained two refrigerators. One refrigerator contained food, and the other refrigerator had the shelves removed and was filled with beer. Defendant was in her bedroom. Defendant came into the room where Murdock, Tinnin and Gattis were located. She said, "I told you about going in my damn refrigerator." She shot Murdock in the stomach, and when he fell to the floor, she shot him in the neck. Defendant then shot Tinnin in the arm, and Tinnin ran out the door.

Defendant's evidence tends to show the following: Defendant was in bed because she was sick. Bud Gattis was a neighbor and friend who was there to look after her while she was sick.

Between nine and ten o'clock, defendant was awakened by her dog barking. She went into the kitchen and saw Murdock taking beer from her refrigerator and putting it in his pocket. She testified as follows:

"My kitchen floor is covered in carpet. I have a rule about this Kelvinator, and that is I don't allow anybody in the kitchen or my Kelvinator. I do now allow anybody in my kitchen because I have carpet on the floor and people walking in there mess it up. This rule applies to everybody, including Bud Gattis. Mr. Murdock and Mr. Tinnin knew about this rule. Mr. Murdock took two beers out of my Kelvinator. I asked him what he was doing in my Kelvinator. He threatened me. He went back out on the porch where I had the washing machine. He said that he would knock the goddamned hell out of me, that I was telling a goddamned lie. I ordered him to leave. Three times I said for them to get out of my house. He did not leave. When I ordered him to leave he said he would do what he wanted to. This threat by Mr. Murdock made me scared. I was afraid he might hurt me. After I ordered him to leave he cursed me. He called me a black son-of-a-bitch. After this happened is when I shot him. I saw Mr. Tinnin after I shot Mr. Murdock. I shot him because he jumped up and hit at me. I ordered him to leave. When I ordered him to leave he looked at me like something wild. He did not leave when I ordered him to leave. I was scared of this conduct by Mr. Tinnin. I didn't have anybody but myself. Mr. Tinnin hit at me, and when he did that is when it went off. That was when he was shot in the arm."

The jury found defendant guilty of assault with a deadly weapon inflicting serious injury in both cases. Defendant was sentenced to consecutive terms of twelve months' imprisonment. She appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles R. Hassell, Jr., for the State.*

*Long, Ridge & Long, by Daniel H. Monroe, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant's assignments of error Nos. I, II, and III object to the trial court's ruling on defendant's objections to testi-

mony. These assignments of error are feckless and merit no discussion.

[1] Defendant's assignment of error No. IV objects to the admission of hearsay testimony. Prosecution witness Murdock was permitted to state that defense witness Gattis told him defendant was in the bedroom. If this was error, it was clearly harmless because all of defendant's evidence is to the effect that she was sick and was in bed when Murdock and Tinnin arrived. Prosecution witness Tinnin was permitted to state what the doctor told him about why they could not put a cast on his injured arm and how the doctor told him to carry his arm in a sling. Conceding that the admission of this testimony was error, it was not prejudicial. The witness had already testified that defendant shot his arm, that the bone and muscle in his arm were shattered, and that he was sent to a specialist. The evidence previously admitted, without objection, was clearly sufficient to show a serious injury. The challenged testimony added nothing to the seriousness already shown. Assignment of error No. IV is overruled.

[2] Defendant's assignment of error No. V objects to the court's allowing prosecution witness Murdock to display to the jury the bullet wound on his neck. Clearly this was permissible, and this assignment of error is overruled.

[3] By her assignment of error No. VII, defendant contends it was error for the trial judge to sustain the State's objection to defense cross-examination of the prosecution witness Murdock. The question asked was: "You deny you shot a man in 1972?" Perhaps the trial judge felt that the form of the question was argumentative, and it appears that it was. The witness had just admitted convictions of several offenses. He had not denied anything. Had counsel phrased his question in a non-argumentative manner, it perhaps would not have brought forth an objection. In any event, the record does not disclose what the answer would have been had the witness been permitted to answer. Therefore, no prejudice is shown. Assignment of error No. VII is overruled.

Defendant's assignments of error Nos. VIII, IX, and X object to the trial court's ruling on admission and exclusion of testimony. These assignments of error are feckless and merit no discussion.

Defendant's assignments of error Nos. XI and XII contend that the trial court committed error in denial of her motions for nonsuit. The evidence taken in the light most favorable to the State is sufficient to support the verdicts of guilty. These assignments of error are overruled.

[4]    Defendant's assignment of error No. XIII groups eleven exceptions to the instructions given by the trial judge to the jury. Each of these exceptions presents a different question of law and procedure, and they are therefore improperly grouped under one assignment of error. *Nye v. Development Co.,* 10 N.C. App. 676, 179 S.E. 2d 795 (1971). An assignment of error which attempts to present more than one question of law is broadside and ineffective. *State v. Clark,* 22 N.C. App. 81, 206 S.E. 2d 252 (1974). Assignment of error No. XIII is overruled.

[5]    Assignments of error Nos. XIV and XV argue that the trial judge committed error in failing to give requested instructions. "Even if a defendant is entitled to requested instructions, the court is not required to give them verbatim. It is sufficient if they are given in substance." *State v. Howard,* 274 N.C. 186, 162 S.E. 2d 495 (1968). The requested instructions were implicit in the charge, although not with the elaboration requested. These assignments of error are overruled.

Defendant's remaining assignments of error are without merit and are overruled.

No error.

Judges VAUGHN and MARTIN concur.