STATE OF NORTH CAROLINA v. AL JEROME THOMAS, JR.

No. 758SC728

(Filed 4 February 1976)

1. Disorderly Conduct § 2— failure to disperse — elements of offense

In order to sustain a conviction under G.S. 14-288.5(b) for failing to disperse when commanded by a police officer, the State must show that defendant failed to disperse on command to do so and that the officer had reasonable ground to believe that disorderly conduct was occurring by an assemblage of three or more persons.

2. Disorderly Conduct § 2— failure to disperse — sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution for failing to disperse when commanded by a police officer where it tended to show that a bottle was thrown at a car, an officer went to the scene and saw an intoxicated person preparing to throw a beer bottle at a passing motorist, the officer arrested such person for public drunkenness, defendant and several other persons thereupon surrounded the officer and arrestee and told the officer he wasn't going to take the arrestee, the officer commanded the group to disperse, and the group pushed the officer away from the arrestee and grabbed the arrestee and fled as other police units arrived.

3. Disorderly Conduct § 2— failure to disperse — instructions — failure to define "command" and "disperse"

In a prosecution for failing to disperse when commanded by a police officer, the trial court did not err in failing to define "command" and "disperse" since defendant made no request for special instructions and it is not necessary for the court to define and explain words of common usage and meaning.

APPEAL by defendant from *Webb, Judge.* Judgment entered 21 April 1975 in Superior Court, WAYNE County. Heard in the Court of Appeals 15 January 1976.

Defendant was tried in district court on a warrant charging him with failing to disperse when commanded by a police officer, in violation of G.S. 14-288.5(b). He was found guilty and appealed to superior court where he was tried *de novo*. A jury found him guilty as charged and from judgment imposing prison sentence of six months, he appeals.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Louis Jordon for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends the trial court erred in not granting his motion for nonsuit. We find no merit in this assignment. Evidence presented by the State tended to show:

On 22 February 1975, at around 7:30 p.m., Officer J. E. Barnes of the Goldsboro Police Department, responded to a complaint that a bottle had been thrown at a car in the vicinity of Slocumb and Wayne Avenue in Goldsboro. When he arrived at the scene, he found Richard Fennell in an intoxicated state, standing near the corner of Olivia Lane and Slocumb Street preparing to throw an empty beer bottle at a passing motorist. Officer Barnes ordered Fennell not to throw the bottle, subdued him and placed him under arrest for public drunkenness.

Thereupon, defendant, Tomarcus Swift, Clifton Battle and several other persons converged on the officer, surrounding him and Fennell. They told him that he " . . . wasn't going to take him [Fennell] and to let those damn white folks take a Warrant on him." Officer Barnes commanded the group to disperse. Instead, they began shoving and pushed the officer away from Fennell. They then grabbed Fennell and fled the area as backup police units arrived.

Officer Barnes returned to the police station and procured warrants for defendant, Battle and Swift, they being members of the group that he knew personally. Accompanied by Officer C. N. Bennett, he returned to the area of Wayne Avenue where they stopped a late model Ford in which defendant and Swift were riding. The officers served the warrants on defendant and Swift and arrested them for failing to disperse upon command.

[1, 2] To survive a motion for nonsuit and sustain a conviction under G.S. 14-288.5, the State must prove the essential elements of the offense charged. *State v. Orange,* 22 N.C. App. 220, 206 S.E. 2d 377 (1974), *appeal dismissed,* 285 N.C. 762, 208 S.E. 2d 380 (1974), *cert. denied,* 420 U.S. 996, 43 L.Ed. 2d 675, 95 S.Ct. 1431 (1975). Here, it was necessary for the State to present evidence of defendant's failure to disperse on command to do so and that the officer had reasonable ground to believe that disorderly conduct was occurring by an assemblage of three or more persons. *State v. Clark,* 22 N.C. App. 81, 206 S.E. 2d 252 (1974), *appeal dismissed,* 285 N.C. 760, 208 S.E. 2d 380 (1974), *cert. denied,* 420 U.S. 977, 43 L.Ed. 2d

658, 95 S.Ct. 1403 (1975). Considering the evidence in the light most favorable to the State, as we are required to do on motion for nonsuit, we hold that the evidence established each and every element of the offense charged. *State v. Jones,* 23 N.C. App. 162, 208 S.E. 2d 419 (1974), *aff'd,* 287 N.C. 84, 214 S.E. 2d 24 (1975).

[3] By his second and third assignments of error, defendant contends the trial judge erred in refusing to give a special instruction on the precise meaning of "command" and "disperse." We find no merit in this contention.

Under G.S. 1-181, a request for special instructions, aptly made, tendered in writing before argument and signed by counsel, has been held to impose a duty on the court to give the instructions in substance where relevant to the case. *State v. Boyd,* 278 N.C. 682, 180 S.E. 2d 794 (1971). The stated rule does not apply here. Not only did defendant fail to request specific instructions but the charge as given was clear and unambiguous. It is not error for the court to fail to define and explain words of common usage and meaning to the general public. *See State v. Withers,* 2 N.C. App. 201, 162 S.E. 2d 638 (1968), and cases cited therein. This rule applies equally to essential elements of the crime charged as well as to other legal terms contained in the charge. *See State v. Godwin,* 267 N.C. 216, 147 S.E. 2d 890 (1966); *State v. Jones,* 227 N.C. 402, 42 S.E. 2d 465 (1947).

After a careful review of the entire record, we conclude defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.