STATE OF NORTH CAROLINA v. TONY LEVET SMITH

No. 8226SC1161

(Filed 20 December 1983)

Criminal Law § 111.1— necessity for special instruction on identification

In an armed robbery prosecution in which one victim's identification of defendant was the only real issue in the case, the trial court erred in failing to give defendant's requested instruction concerning the burden of proof of identification and factors the jury should consider in determining the reliability of the identification of defendant.

APPEAL by defendant from *Lewis, Robert D., Judge.* Judgment entered 14 May 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 April 1983.

Defendant was convicted of the armed robbery of a grocery store. The crime, which occurred February 16, 1982, was committed by two masked men and whether the defendant was one of them was the only real issue in the trial.

The testimony at trial was to the following effect: Hugh Houston and Patricia Roseboro were working at the grocery store when two men came in with dark scarves covering their faces from just under the eyes to below the mouth. One of the men also wore a toboggan that covered the top of his head and forehead to about an inch above the eyebrows, and had a sawed off shotgun. Though Houston did not know the defendant, he had seen him several times before either in the neighborhood or in the store, and he recognized the toboggan wearer as being the defendant.

Houston was so sure he recognized defendant that when told that it was a holdup he thought it was a joke; but he changed his mind when the robber knocked him down with the sawed off shotgun. Houston then gave the robbers the money in the cash register and they left. Houston first described his assailant to the police as being 20 to 25 years old and 5 feet 11 inches high, but his testimony at trial was that defendant was only 5 feet 4 inches tall; however, Houston readily chose defendant's photograph from an array of six pictures shown to him by the police and he picked defendant out of a line-up as well. But Mrs. Roseboro, who told the officers shortly after the holdup that she would be able to identify the robbers if she saw them again, could not identify defendant from either the photographs or the line-up, and though present during the trial, she did not testify.

*Attorney General Edmisten, by Assistant Attorney General George W. Lennon, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender James H. Gold, for defendant appellant.*

PHILLIPS, Judge.

The defendant rests his hopes for a new trial upon the solitary contention that the trial judge's refusal to specially instruct the jury on the identity issue, as requested, was prejudicial error. His position is well taken.

In *State v. Kinard,* it was said:

Whether the identification issue is such a substantial feature of the case that the trial court is required to give instructions specifically dealing with the relevant factors involved in either a confrontation identification or photographic identification depends on the evidence in each case. If the evidence strongly suggests the likelihood of irreparable misidentification, the identification issue would become a substantial feature of the case, and the trial judge is required, even in the absence of a request, to properly instruct the jury as to the detailed factors that enter into the totality of the circumstances relating to identification.

54 N.C. App. 443, 446, 283 S.E. 2d 540, 543 (1981). Though the circumstances of that case did not require that any special instruction be given, since two eyewitnesses testified, the subject wore no mask, and no other circumstances existed which made misidentification likely, the principle stated is nonetheless sound. Indeed, the soundness and importance of the principle was recognized by this Court earlier in *State v. Lang*, 46 N.C. App. 138, 264 S.E. 2d 821, *rev'd on other grounds*, 301 N.C. 508, 272 S.E. 2d 123 (1980), though again, a special identification instruction was not deemed obligatory since that defendant had not requested one. But in appropriate situations a number of courts, including the Fourth Circuit in *United States v. Holley*, 502 F. 2d 273 (4th Cir. 1974), have required jurors to be specially instructed on the identification issue. Properly so, we think. Because of their circumstances mistake is a strong possibility in some identification cases, and in such cases sound judicial principles require that the identification be accompanied by such practical safeguards as the law has devised to enhance its reliability.

This is such a case. In it the identification issue was not just a substantial feature of the State's case, it was the entire case. The only evidence linking defendant to the crime was the testimony of one witness, Houston, who first described the culprit as being 7 inches taller than defendant, even though he claimed to have seen defendant on previous occasions. The only other person present when the crime was committed had as good an opportunity to observe the criminals, but could not identify defendant as being one of them. And, of course, the identification problem, never entirely free of difficulty, even when the subject's face is clearly visible, was greatly compounded here, since most of the criminal's head and face was covered.

As many judges and psychologists have noted, "convictions based solely on 'one eyewitness' identifications represent 'conceivably the greatest single threat to the achievement of our ideal that no innocent man shall be punished.' " *United States v. Butler*, 636 F. 2d 727, 732 (D.C. Cir. 1980) (Bazelon, J. dissenting), *cert. denied*, 451 U.S. 1019, 69 L.Ed. 2d 392, 101 S.Ct. 3010 (1981). This, of course, is because the human mind often plays tricks on us. One of the tricks that it sometimes plays is that a person seen briefly before in one place and situation is thought, even by the keenest of us, to be another person, seen in a different context

altogether. This common experience of mankind, known to social scientists as "unconscious transference," has been much discussed in their literature, and the likelihood of the experience being repeated under various circumstances has been confirmed by experiments of different kinds. For examples, *see Eyewitness Testimony*, by Stanford University Professor E. Loftus, Harvard University Press (1979), and *Effect of Choosing an Incorrect Photograph on a Later Identification by an Eyewitness*, by Gorenstein and Ellsworth, Journal of Applied Psychology, Volume 65, pp. 616-622 (1980).

That in this case Houston, in good conscience, could have picked the defendant out of the line-up, not because he recognized him from the robbery, but because he looked familiar from being in the area earlier is certainly quite possible. In an effort to guard against the baleful effects of this possibility, the defendant submitted a requested jury instruction, which included the following:

I instruct you that the State has the burden of proving the identify [sic] of the defendant as the perpetrator of the crime charged beyond a reasonable doubt. This means that you, the jury, must be satisfied beyond a reasonable doubt that the defendant was the perpetrator of the crime charged before you may return a verdict of guilty.

The main aspect of identification is the observation of the defendant by the witness at the time of the events.

Examining the testimony of the witness, Hugh Houston, as to his observation of the perpetrator at the time of the crime, you should consider that the perpetrator was wearing a mask. However, your consideration must go further. The identification of the defendant by the witness, Hugh Houston, as the perpetrator of the offense must be purely the product of his recollection of the offender and derived only from the observation made at the time of the offense. In making this determination, you should consider the manner in which the witness was confronted with the defendant after the offense, the conduct and comments of the persons in charge of the investigation and any circumstances or pressures which may have influenced the witness in making an identification, and which would cast out upon or reinforce the accuracy of the witness' identification of the defendant.

Under the peculiar circumstances of the case, this was a proper instruction, and from defendant's viewpoint, a necessary one. It would have directed the jury's attention to the possibility that defendant had been identified because he looked familiar to the witness from being seen earlier in the area, rather than because the witness remembered him from the crime. Since this instruction was crucial to defendant's case, the circumstances supported it, and it had been timely and properly requested, defendant was entitled to have the substance of it presented to the jury. *State v. Thomas*, 28 N.C. App. 495, 221 S.E. 2d 749 (1976). The instruction that the judge gave, though adequate for many other cases, failed to either address or deal with the misidentification possibility that the circumstances of the case raised. It also failed to note that the culprit had on a mask—another material aspect of defendant's case. Thus, a new trial is required.

New trial.

Judges HILL and JOHNSON concur.