STATE v. B. A. CAUDLE.

(Filed 22 May, 1935.)

**1. Criminal Law G r—**

Evidence cannot be held competent as corroborative of defendant's testimony when such evidence is offered before defendant takes the stand in his own behalf.

**2. Criminal Law I g—**

It is incumbent upon the appellant, if he desires more specific instruction on any point, or a more detailed and complete statement of his contentions, to make request therefor, and where the charge of the court is sufficiently full and complete to meet the requirements of C. S., 564, any omission will not be held for reversible error in the absence of such request calling the attention of the court to the desired instructions.

**3. Criminal Law I k—**

A general verdict of guilty upon a bill of indictment containing several counts, charging offenses of the same grade, carries with it a verdict of guilty on each count, and will support a judgment upon any valid count in the bill.

APPEAL from *Clement, J.,* at November Term, 1934, of STANLY. Affirmed.

The appellant B. A. Caudle was tried upon a two-count bill of indictment charging him and Noah Bennett and Tom Taylor with (1) larceny of pipe, pump, and gasoline engine, of value of more than $20.00, the property of the Hardaway Contracting Company, and (2) feloniously receiving said stolen property, knowing it to have been stolen.

The jury returned the following verdict: "That the said Noah Bennett is not guilty, and the said B. A. Caudle and Tom Taylor are each guilty, in the manner and form as charged in the bill of indictment."

From judgment of imprisonment pronounced upon the verdict, the defendant B. A. Caudle appealed, assigning error.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State, appellee.*

*B. M. Covington for defendant, appellant.*

SCHENCK, J. The appellant's first exception is to the court's refusal to allow one Goodman to testify that he had employed the defendant to try to discover or locate a magneto that was stolen from him. We fail to see the relevancy of this evidence to the issue involved. It could not have been considered as corroborative of the defendant's testimony, since it was offered before the defendant took the stand as a witness in his own behalf.

We have examined the defendant's several exceptions to the charge and find no reversible error. If the defendant desired more specific instructions he should have made request therefor. "It is a well understood rule of practice, upon appeals, reasserted time and again by this Court, that error cannot be assigned and become the subject of review in an omission or neglect to give specific instruction, even when proper in itself, unless asked, and thus called to the attention of the judge, in order that he may rule thereon. This is just to the court and opposing counsel, and indispensable to a fair trial and to prevent surprise." *S. v. Bailey,* 100 N. C., 528.

There was ample evidence in this case to sustain a verdict of guilty of larceny, and the charge as it relates to that count, in the absence of requests for more specific instructions or a more detailed and complete statement of the contentions of the defendant, meets the requirements

of the statute, C. S., 564, and the practice of our courts. The jury returned a general verdict of guilty, and such verdict is imputed to the first count, and the judgment must be sustained. It is said in *S. v. Toole,* 106 N. C., 736, "When there are several counts in the bill, and there is a general verdict of guilty (or not guilty), that is a verdict, as to each of the counts, of guilty (or not guilty, as the case may be). If it is a general verdict of not guilty, the defendant is entitled to his discharge. If it is a general verdict of guilty upon an indictment containing several counts, charging offenses of the same grade, and punishable alike, the verdict upon any one, if valid, supports the judgment, and it is immaterial that the verdict as to the other counts is not good, either by reason of defective counts or by the admission of incompetent evidence, or giving objectionable instructions as to such other counts, provided the errors complained of do not affect the valid verdict rendered on this count." See, also, *S. v. Cross,* 106 N. C., 650, and cases there cited.

Affirmed.