STATE OF NORTH CAROLINA v. MYRTLE COLEMAN GODWIN.

(Filed 4 May, 1966.)

**1. Telephone Companies § 5;  Criminal Law § 33—**

In a prosecution for making indecent telephone calls to a female, testimony that defendant frequently followed the car of the prosecuting witness and would cut in front of her so close as to constitute harassment is competent for the purpose of showing intent and attitude of defendant toward the prosecuting witness.

**2. Criminal Law § 67—**

Tape recordings of telephone conversations between defendant and the prosecuting witness made by a tape recorder attached to the telephone by a police officer at the instance of the prosecuting witness are competent in evidence when the prosecuting witness identifies the voices and states that the tapes were a fair and accurate representation of the conversations, and admission of such testimony does not violate the wiretapping statute. G.S. 14-155, G.S. 14-372, G.S. 15-27.

**3. Criminal Law § 107—**

The words "annoy," "molest," and "harass" have a well understood meaning to the average person and it is not required that the court define the words in the absence of a special request.

MOORE, J., not sitting.

APPEAL by defendant from *Bailey, J.,* December 1965 Regular Session, WAKE Superior Court.

Defendant was tried in the City Court of Raleigh under a warrant charging that she "did unlawfully and wilfully repeatedly

telephone (on or about 17 November 1965) a female person, to wit, Mrs. Louise Combs Wall, for the purpose of annoying, molesting and harassing said female person, in violation of the N. C. General Statute, Chapter 14, Section 196.1, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." Upon conviction she appealed to the Superior Court, where she was again found guilty.

The State's evidence tends to show that the defendant and Mrs. Wall had known each other for several years, and following the death of the defendant's husband in 1962 she began telephoning Mrs. Wall frequently, and so much so that Mrs. Wall conferred with the Raleigh Police Department about the phone calls and began to keep a log of them in April, 1964. They continued with regularity until November 16, 1965, at which time the defendant called her twelve times and on November 17 called her eight times. A tape recorder was attached to Mrs. Wall's phone and the defendant's conversation recorded on it. It is not necessary to repeat the nature of the conversations but they were of a type that evinced unnatural tendencies on the part of the defendant and were revolting and disconcerting to Mrs. Wall. The record shows that they were of a type and quantity to annoy, disturb and irritate any normal person.

The defendant entered a general denial of Mrs. Wall's testimony and insisted that she had not called her as many times as Mrs. Wall had testified.

The defendant was found guilty as charged and upon a sentence to Women's Prison with recommendation for psychiatric treatment, she appealed, assigning error.

*Carl C. Churchill, Jr., attorney for the defendant.*

*T. W. Bruton, Attorney General, Charles D. Barham, Jr., Assistant Attorney General, Wilson B. Partin, Jr., Staff Attorney, for the State.*

PLESS, J.  Over a period of three years Mrs. Wall received disconcerting and frequent telephone calls from the defendant and had taken action to stop them, or decrease their number, without result. To show the attitude of the defendant towards her, the court permitted Mrs. Wall to testify that the defendant had attempted to block her car in the parking lot of the supermarket, that she had frequently followed her to such places as the hospital, school, etc. and would cut her car in front of Mrs. Wall's "at least once a week, sometimes more than that, and many times was very very close. It is just a miracle that I didn't hit her car or didn't have a wreck and most of the times I had my children with me." The defendant as-

signs this evidence as error but it was competent for the purpose of showing the intent of the defendant and her attitude toward the prosecuting witness. *S. v. McClain,* 240 N.C. 171, 81 S.E. 2d 364. Her conduct in blocking Mrs. Wall's car and cutting in front of it showed the defendant's intent to harass, annoy and molest her and is competent as interpreting the reasons for her frequent telephone calls which were alleged to be for the same purpose.

The defendant further complains that the Court permitted the State to introduce tape recordings allegedly containing telephone conversations by the defendant with Mrs. Wall but the State has laid the requisite foundation for their admissibility. Mrs. Wall identified them as being the voice of the defendant, and stated that they were a fair and accurate representation of the conversations she had with the defendant. The exceptions are overruled. *S. v. Walker,* 251 N.C. 465, 112 S.E. 2d 61; *Olmstead v. U. S.,* 277 U.S. 438, 72 L. Ed. 944. The defendant claims that these recordings are incompetent because they violate the North Carolina Wiretapping Statute G.S. 14-155 and also G.S. 14-372 and G.S. 15-27. However, these statutes were not enacted to prevent introduction of evidence obtained in a case similar to this and are not relevant here.

Another exception is that the court did not define the words "annoy, molest and harass," and also complains of another portion of the charge, including some of its contents and its alleged failure to comply with G.S. 1-180. It is not to be assumed that the jurors were ignorant and the words, "annoy, molest and harass," are in such general usage and so well understood by the average person that it would have been a waste of time to define them. Had the defendant thought their definition of sufficient importance to request it, it is quite likely that the court would have defined them but the failure to make such request waives any possible error. *S. v. Caudle,* 208 N.C. 249, 180 S.E. 91; *S. v. Holland,* 216 N.C. 610, 6 S.E. 2d 217.

All of the remaining exceptions have been fully considered and found to be without merit.

No error.

MOORE, J., not sitting.