STATE OF NORTH CAROLINA v. NEWTON R. STELL III

No. 7810SC692

(Filed 5 December 1978)

**1. Rape § 19— taking indecent liberties with minor—sufficiency of evidence**

In a prosecution for taking indecent liberties with a child, evidence was sufficient to be submitted to the jury where it tended to show that defendant, a thirty-nine year old driver's education instructor, had a fifteen year old female student drive to a wooded area and park on a secluded dirt road where defendant then had intercourse with her.

**2. Rape § 19— lewd or lascivious act not defined—no error**

In a prosecution for taking indecent liberties with a child, the trial court did not err in failing to define "lewd or lascivious act" in its charge to the jury, since those were such ordinary words that the jury was presumed to understand them.

APPEAL by defendant from *Preston, Judge.* Judgment entered 11 April 1978 in Superior Court, WAKE County. Heard in the Court of Appeals on 14 November 1978.

Defendant was charged in a proper bill of indictment with taking indecent liberties with a child in violation of G.S. § 14-202.1. The defendant pleaded not guilty. The jury found defendant guilty as charged. From a judgment entered on the verdict imposing a sentence of ten years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Ben G. Irons II, for the State.*

*Kimzey, Smith & McMillan, by Stephen T. Smith, for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant assigns as error the denial of his motion for judgment as of nonsuit. The State presented evidence tending to show the following:

Defendant was a driver's education instructor at West Millbrook Junior High School in Raleigh and Nanette Chavis, who was fifteen years old at the time, was one of his students. On 21 December 1977 at about 9:00 a.m., Nanette Chavis drove with the defendant to a wooded area outside Raleigh and parked on a

secluded dirt road. The defendant then had sexual intercourse in the car with Nanette Chavis. At that time, the defendant was thirty-nine years old.

The defendant did not present any evidence.

We hold that, considered in the light most favorable to the State, there is ample competent evidence to warrant its submission to the jury and to support a verdict of guilty of the offense charged. This assignment of error has no merit.

[2] The defendant next contends the trial court erred by failing to define "lewd or lascivious act" in its charge to the jury. Defendant was charged with violating G.S. § 14-202.1, which provides:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

(b) Taking indecent liberties with children is a felony punishable by a fine, imprisonment for not more than 10 years, or both.

Jurors are presumed to understand the ordinary words of the English language, even where such words define essential elements of a crime. *State v. Godwin*, 267 N.C. 216, 147 S.E. 2d 890 (1966); *State v. Thomas*, 28 N.C. App. 495, 221 S.E. 2d 749 (1976). We believe the words "lewd or lascivious act" are such ordinary words which the jury is presumed to understand. In *State v. Vehaun*, 34 N.C. App. 700, 703, 239 S.E. 2d 705, 708 (1977), *cert. denied*, 294 N.C. 445, 241 S.E. 2d 846 (1978), the court, in rejecting an argument that the term "lewd or lascivious act" was unconstitutionally vague, held that the statute "clearly referred to

sexual conduct with a minor child and described with reasonable specificity the proscribed conduct." This assignment of error has no merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.