STATE OF NORTH CAROLINA v. RAYMOND ALLEN PAUL NUGENT

No. 8321SC508

(Filed 7 February 1984)

1. **Automobiles and Other Vehicles § 113.1— involuntary manslaughter in driving vehicle—sufficiency of evidence**

The State's evidence was sufficient for the jury to find that defendant was culpably negligent and thus guilty of involuntary manslaughter in passing four cars at one time (some in a no passing zone) and in causing an on-coming driver to lose control, crash into the fourth car defendant was passing, and cause the death of an occupant of the fourth car.

**2. Criminal Law § 70— authentication of tape recording**

　　A tape recording of a conversation between defendant and the investigating officer was sufficiently authenticated by the State for its admission into evidence.

APPEAL by defendant from *Lane, Judge.* Judgment entered 16 December 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 7 December 1983.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*White & Crumpler, by Randolph M. James, for defendant appellant.*

BECTON, Judge.

Concluding that defendant, Raymond Nugent, drove a pickup truck in a culpably negligent manner and thereby proximately caused the death of Elisha Sessums, a Forsyth County jury found defendant guilty of involuntary manslaughter. From a judgment imposing an active sentence of "not less than three and not more than three years," defendant appeals.

Defendant makes four arguments on appeal: (1) that the evidence failed to show that defendant was culpably negligent or that his actions proximately caused the accident; (2) that the State improperly authenticated a tape recorded conversation between defendant and the investigating officer; (3) that neither of the two State's witnesses called to give lay opinions as to speed had a sufficient opportunity to observe the speed of defendant's truck; and (4) that the State improperly cross-examined a defense witness with regard to his prior criminal convictions. We are not persuaded by defendant's arguments, and we find no error in the trial of this case.

I

[1] Defendant's motion to dismiss for insufficiency of the evidence was properly denied. The evidence, including all inferences of fact which may be reasonably deduced therefrom, considered in the light most favorable to the State, is sufficient to support the submission of the case to the jury. *See State v. Witherspoon,* 293 N.C. 321, 237 S.E. 2d 822 (1977). Consider the

following testimony as it relates to the State's theory that defendant was culpably negligent in passing four cars at one time (some in a no passing zone) and in causing an on-coming driver to lose control and crash into the fourth car defendant was passing:

Mrs. George Heath testified:

> Well, I was driving along there and he passed me and then he went on and passed three more cars and then he pulled in to the right side and just as he was leaving the left lane into the right lane, I saw this car coming toward me — I mean coming out this way and it was kind of wavering in the road and then just as I noticed it wavering, it just swerved over into the lane that I was going but it was the third car in front of me.

Renee Hill testified:

> I saw the truck coming toward us in our lane and when the truck — it seemed like it was speeding toward us and my mama went off, swerved off to stop the truck from hitting us head on and she lost control of the car and went back across the other side of the lane.

Ann Cashwell testified:

> It was at the yellow line — the yellow line, it was a no-passing zone. . . . She swerved to the side to keep from heading on and went straight across and lost control of the car. . . . I know the truck was passing at the yellow line.

Robert Murphy testified:

> I turned, I seen this brown and white pick up truck coming around me. Habit, you know, kind of follow something around you looking and as it passed, when I turned back to the highway, I seen the station wagon veering off to the road and the truck cut back in front of me. . . . I hit my brakes where he'd have room to cut in.

Bearing in mind that each case must be decided upon its own particular facts, consider now the law: "culpable negligence, under the criminal law, is such recklessness or carelessness, resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of

others," as set forth in *State v. Becker*, 241 N.C. 321, 328, 85 S.E. 2d 327, 332 (1955).

Based on the peculiar facts of this case and the applicable law, we uphold the trial court's decision to submit the case to the jury. And we are aware that defendant, himself, escaped the head-on crash with the on-coming east-bound car because the fourth car that defendant passed braked, allowing defendant to dart safely into the right-hand west-bound lane. Defendant is not absolved of culpability because his actions proximately caused Mrs. Geraldine Hughes, the on-coming driver, to lose control of her car and swerve into the west-bound lane, killing Elisha Sessums. Foreseeability is not difficult in this case. As pointed out by the State in its brief, the danger created by defendant's acts presented a risk of death and injury not only to on-coming cars, but also to cars which were being passed. It was, therefore, irrelevant whether defendant's car struck Mr. Sessums' car or caused Mrs. Hughes' car to strike Mr. Sessums' car.

## II

[2] Citing *State v. Detter*, 298 N.C. 604, 260 S.E. 2d 567 (1979) and *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971), the defendant contends that the tape-recorded conversation was not properly admitted into evidence because there was insufficient evidence of the recording capability and proper operation of the recorder and of the operator's competency. Defendant further contends that one portion of the tape in which the defendant talked too low, and two portions in which both the defendant and Officer Canipe talked simultaneously, vitiated the validity of the recording.

To lay a proper foundation for the admission of tape recorded evidence, *Lynch* requires the State to prove:

> (1) that the recorded testimony was legally obtained and otherwise competent; (2) that the mechanical device was capable of recording testimony and that it was operating properly at the time the statement was recorded; (3) that the operator was competent and operated the machine properly; (4) the identity of the recorded voices; (5) the accuracy and authenticity of the recording; (6) that defendant's entire statement was recorded and no changes, additions or dele-

tions have since been made; and (7) the custody and manner in which the recording has been preserved since it was made.

279 N.C. at 17, 181 S.E. 2d at 571.

We are convinced from a reading of the record that the tape recorded evidence was a "fair and accurate representation of the conversation." *Detter*, 298 N.C. at 628, 260 S.E. 2d at 584 (quoting *State v. Godwin*, 267 N.C. 216, 218, 147 S.E. 2d 890, 891 (1966)). Defendant has made no showing that the tape recording, as a whole, was untrustworthy. In short, the following conclusion of the trial court, in its order denying the motion to suppress the tape recording, persuasively disposes of this argument:

> The Court, after hearing the evidence, concludes that the recording satisfies the requirements of State versus Decker [sic], even though in three cases a question was asked and in the place for an answer, there was written the word indistinguishable, and particularly since the question was repeated and the answer clearly recorded, and that at the conference involving Officer Canipe, the defendant, and his attorney, Mr. Armentrout, no objections were made to the question "have you been involved in an automobile accident before," and that the three places marked indistinguishable do not constitute wilful deletion and thus have not vitiated the recorded conversation and that the Court can suppress the question and answer as it relates to any prior automobile accident without damage to the statement.

### III

We summarily reject defendant's other two arguments, finding that (1) the testimony concerning the speed of defendant's truck was properly admitted, and (2) that defendant failed to show that the trial court abused its discretion in controlling the manner and extent to which the district attorney cross-examined defendant's witness.

### IV

In this case we find

No error.

Chief Judge VAUGHN and Judge HILL concur.