STATE OF NORTH CAROLINA v. JASON RAY WADE

No. COA02-1663

(Filed 16 December 2003)

**1. Homicide; Assault— traffic offense—culpable negligence— alcohol not involved**

There was sufficient evidence of culpable negligence to support defendant's convictions on charges of assault and involuntary manslaughter arising from a traffic accident in which alcohol

STATE v. WADE

[161 N.C. App. 686 (2003)]

was not involved. There is precedent for recognizing that the operation of a vehicle can lead to involuntary manslaughter even without alcohol, and, although this may be the first such holding in the absence of alcohol, defendant's actions were also sufficient for assault with a deadly weapon inflicting serious injury.

**2. Motor Vehicles— reckless driving—indictment—amendment—details added**

The trial court did not err by allowing the State to amend an indictment charging reckless driving by adding details where the original language of the indictment tracked the appropriate statute.

**3. Evidence— manslaughter victim's relationship with family—not prejudicial**

The admission of testimony about a manslaughter victim's relationship with her nieces and a photograph of the victim with her nieces was neither prejudicial nor plain error. The evidence of defendant's culpable negligence in the automobile accident is overwhelming.

Appeal by defendant from judgments entered 3 July 2002 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 18 September 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, and Assistant Attorney General Patricia A. Duffy, for the State.*

*Kathryn L. VandenBerg, for defendant-appellant.*

CALABRIA, Judge.

Jason Ray Wade ("defendant") appeals from judgments entered on jury verdicts of guilty for involuntary manslaughter, assault with a deadly weapon inflicting serious injury ("AWDWISI"), and reckless driving. We find no reversible error.

The State's evidence at trial tended to show the following: on 12 June 2001, Fred McLean ("McLean") was traveling westbound on a two-lane road away from the Town of Lillington. Directly behind McLean was Shirley Louise Stone Redwine ("decedent"). Following behind decedent was defendant, who dated decedent for several years. McLean noticed that defendant intermittently sped up as if to

pass decedent, but decedent would also increase her speed. As the three vehicles approached a sharp curve in the road, which prevented observation of traffic approaching from the opposite direction, defendant moved into the lane for on-coming traffic and attempted to pass decedent. When McLean entered the curve, he observed defendant alongside of him, entering the curve with him.

At the same time, Peter Green ("Green") was driving a Chevrolet Kodiak seven-ton truck towards Lillington. Timothy Lemmons ("Lemmons") was a passenger in the truck. The truck was hauling a sixteen-foot flat trailer, which carried equipment weighing approximately 9,000 pounds.

As the vehicles entered the curve, McLean and defendant saw the truck driven by Green approaching from the opposite direction. McLean took his foot off the accelerator and eased his vehicle off the side of the road. Defendant drove his pickup truck off the left-hand side of the road into a ditch to avoid hitting Green's truck. Green applied his brakes upon seeing defendant in his lane but lost control of the truck. The truck jackknifed and began to skid. The trailer detached from the truck, slid sideways, and struck decedent's vehicle. The truck itself rolled over and came to rest upright on its wheels. The road where the accident occurred was marked with a double yellow line 2500 feet before and up to the point of impact. Decedent suffered head injuries and internal bleeding and died at the scene of the accident. Green incurred several serious injuries including a broken back and collarbone and collapsed lungs, requiring several weeks of hospitalization and clinical therapy and from which he has not yet fully recovered.

On 1 October 2001, defendant was indicted for involuntary manslaughter of decedent, for AWDWISI of Green, and for careless and reckless driving. On 1 July 2002, in the Harnett County Superior Court, defendant was tried before a jury on all charges. At the close of the State's evidence, the State moved to amend the indictment for reckless driving, and defendant moved to dismiss the charges. The trial court allowed the State to amend the indictment but denied defendant's motion to dismiss. Defendant presented no evidence and renewed the motion to dismiss. The trial court again denied defendant's motion. The jury returned verdicts of guilty on all three charges. Defendant received 19 months to 23 months for involuntary manslaughter and 29 months to 44 months for AWDWISI. The trial court arrested judgment on the reckless driving charge. Defendant asserts on appeal that the trial court erred by (I) denying the motion

to dismiss; (II) allowing the State to amend the indictment for reckless driving; and (III) allowing the State to admit evidence concerning decedent's relationship with her family and a photograph of the decedent and her family.

I. Motion to Dismiss

[1] Defendant asserts the convictions for involuntary manslaughter and AWDWISI must be vacated on the grounds that the evidence was insufficient as a matter of law to establish the element of culpable negligence. We disagree.

"A motion to dismiss on the ground of sufficiency of the evidence raises . . . the issue 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'" *State v. Barden,* 356 N.C. 316, 351, 572 S.E.2d 108, 131 (2002), *cert. denied,* —— U.S. ——, 155 L. Ed. 2d 1074 (2003) (quoting *State v. Crawford,* 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). "The existence of substantial evidence is a question of law for the trial court, which must determine whether there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *State v. Vause,* 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). "The court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from that evidence." *State v. Lucas,* 353 N.C. 568, 581, 548 S.E.2d 712, 721 (2001). Evidence may be direct, circumstantial, or both. *State v. Locklear,* 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988).

" 'Involuntary manslaughter has been defined as the unlawful and unintentional killing of another without malice which proximately results from an unlawful act not amounting to a felony [and not] naturally dangerous to human life, or by an act or omission constituting culpable negligence.'" *State v. Smith,* 351 N.C. 251, 268, 524 S.E.2d 28, 40 (2000) (quoting *State v. Johnson,* 317 N.C. 193, 205, 344 S.E.2d 775, 782-83 (1986)). The crime of AWDWISI has the following four elements: (1) an assault, (2) with a deadly weapon, (3) inflicting serious injury, (4) not resulting in death. N.C. Gen. Stat. § 14-32(b) (2001).

> [A] driver who operates a motor vehicle in a manner such that it constitutes a deadly weapon, thereby proximately causing serious injury to another, may be convicted of AWDWISI provided there is either an actual intent to inflict injury or cul-

pable or criminal negligence from which such intent may be implied.

*State v. Jones*, 353 N.C. 159, 164-65, 538 S.E.2d 917, 922-23 (2000).

In the case at bar, the State sought to convict defendant of involuntary manslaughter and AWDWISI by putting forth evidence that he was culpably negligent in support of these crimes. " 'Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.' " *State v. Weston*, 273 N.C. 275, 280, 159 S.E.2d 883, 886 (1968) (quoting *State v. Cope*, 204 N.C. 28, 30, 167 S.E. 456, 458 (1933)). Defendant argues the principle of culpable negligence as applied to automobile accidents is predominantly limited to driving offenses involving a defendant's use of alcohol and thus, is not applicable in this case because he was sober.

As to involuntary manslaughter, cases like *State v. Nugent*, 66 N.C. App. 310, 311 S.E.2d 376 (1984), do not support defendant's argument. In *Nugent*, this Court upheld a trial court's decision to submit an involuntary manslaughter charge to the jury despite defendant's challenge that the decision was based, in part, on evidence that failed to show he was culpably negligent in passing four vehicles at one time, some in a no passing zone. Since there was no evidence that the defendant in *Nugent* was impaired when he passed the vehicles, this Court recognized that operation of a vehicle could rise to the level of culpable negligence for purposes of an involuntary manslaughter conviction in the absence of impairment by alcohol. However, for purposes of an AWDWISI conviction, we have found no cases where the same has been held. In each of the cases where an appellate court has upheld an AWDWISI conviction supported by culpable negligence, the evidence established that the defendant was impaired by alcohol when his operation of a vehicle constituted a deadly weapon. *See, e.g., State v. Jones*, 353 N.C. at 164-65, 538 S.E.2d at 922-23 (where an impaired defendant was convicted of AWDWISI for colliding his vehicle into that of the victims).

Nevertheless, the legal definition for culpable negligence has historically been defined the same for both offenses, recognizing that, whether or not a defendant is impaired by alcohol, conduct that results in injury or death to another can be so reckless or careless as to constitute a "thoughtless disregard of consequences or a heedless indifference to the safety and rights of others." *Weston*, 273 N.C. at

280, 159 S.E.2d at 886 (citation omitted). With that in mind, the evidence in the case *sub judice* indicates McLean noticed inappropriate driving by both defendant and decedent prior to their vehicles approaching a sharp curve because decedent would increase her speed each time defendant attempted to pass her. As they approached the curve, defendant attempted to pass decedent *and* McLean despite having no visibility around the curve. Further, defendant violated N.C. Gen. Stat. § 20-150 (2001), a safety statute, when he crossed over a double yellow line in his attempt to pass the vehicles. Our Supreme Court has held that " '[a]n intentional, wilful or wanton violation of a statute . . ., designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence.' " *State v. McGill*, 314 N.C. 633, 637, 336 S.E.2d 90, 92-93 (1985) (quoting *Cope*, 204 N.C. at 31, 167 S.E. at 458). Defendant's attempt to pass the vehicles at that particular time (1) was in blatant disregard of safety concerns associated with that portion of the highway and (2) ultimately resulted in decedent's death and McLean's injuries. Although defendant's actions were not impaired by alcohol, they were still sufficient to establish the culpable negligence needed to support both involuntary manslaughter and AWDWISI based on these facts. While we recognize this is likely the first time an appellate court has held there can be sufficient evidence to support submission of an AWDWISI charge on the basis of culpable negligence in a non-alcohol-related case, the legal definition of this term and instructive case law preclude this Court from holding otherwise. Accordingly, the trial court did not err in denying defendant's motion to dismiss either charge.

II. Amendment to the Indictment

[2] At the close of the State's evidence, the trial court allowed the State to amend the indictment charging defendant with reckless driving. The indictment originally provided as follows: "The jurors for the State upon their oath present that on or about [12 June 2001] and in [Harnett County Jason Ray Wade] unlawfully, willfully and feloniously did operate a motor vehicle on a street or highway of the State of North Carolina without due caution and circumspection and in a manner as to endanger persons or property." To this language, the State added the following: "to wit by passing another vehicle in an area inhibited by double yellow line marked on roadway." Defendant asserts the language of the indictment prior to the amendment was insufficient to charge him with reckless driving because it failed to specify how defendant was reckless.

"An indictment . . . is 'a written accusation of a crime drawn up by the public prosecuting attorney and submitted to the grand jury, and by them found and presented on oath or affirmation as a true bill.' " *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600, *cert. denied*, —— U.S. ——, 156 L. Ed. 2d 702 (2003) (quoting *State v. Thomas*, 236 N.C. 454, 457, 73 S.E.2d 283, 285 (1952)). "[A]n indictment must charge the essential elements of the alleged offense." *State v. Thomas*, 153 N.C. App. 326, 335, 570 S.E.2d 142, 147, *disc. rev. denied*, 356 N.C. 624, 575 S.E.2d 759 (2002). The language of an indictment charging a statutory offense is sufficient where it tracks the language of the statute. *State v. Floyd*, 148 N.C. App. 290, 295, 558 S.E.2d 237, 241 (2002); *see also State v. Youngs*, 141 N.C. App. 220, 230, 540 S.E.2d 794, 800 (2000) (citation omitted) (stating "an indictment couched in the language of the statute is sufficient to charge the statutory offense").

North Carolina General Statute § 20-140(b) (2001) provides, in relevant part, the following: "[a]ny person who drives any vehicle upon a highway . . . without due caution and circumspection and . . . in a manner so as to endanger . . . any person or property shall be guilty of reckless driving." The original language of the indictment tracked the language of our statute; therefore, defendant's contention, that it was insufficient to charge reckless driving, is without merit.

III. Evidence of Decedent's Relationships and Photograph

[3] Defendant first asserts the trial court erred in allowing Louis Stone, decedent's brother, to testify about victim's relationship with her nieces. The following testimony forms the basis of defendant's assertion:

Q: Did [decedent] have a relationship with your children?

A: Yes, ma'am.

Q: How would you describe that relationship that she had with your children?

[DEFENSE COUNSEL]: Objection, Your Honor.

THE COURT: Overruled.

A: It was a good relationship. They—my little girl called her Weezie.

Defendant contends the testimony was irrelevant and inflammatory.

Assuming *arguendo* the judge erroneously allowed testimony concerning decedent's relationship with her family, any error was harmless. "A defendant is prejudiced by errors . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial . . . . The burden of showing such prejudice . . . is upon the defendant." N.C. Gen. Stat. § 15A-1443(a) (2001). Here, three eyewitnesses and the officer investigating the accident testified, and the evidence indicated, defendant passed two cars over a double yellow line approaching and navigating a sharp curve around which he was unable to see. Defendant has failed to show a reasonable possibility a different result would have been reached absent the admission of the testimony.

Defendant also asserts the trial court committed plain error in allowing the admission into evidence of a photograph of the victim with her nieces. Plain error is " '*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . grave error which amounts to a denial of a fundamental right . . . a miscarriage of justice or . . . the denial to appellant of a fair trial[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)) (emphasis in original). "In meeting the heavy burden of plain error analysis, a defendant must convince this Court, with support from the record, that . . . absent the error the jury probably would have reached a different verdict." *State v. Cummings*, 352 N.C. 600, 636, 536 S.E.2d 36, 61 (2000). As previously noted, the evidence of defendant's culpably negligent acts in the instant case is overwhelming. Defendant fails to present an argument supported by the record that it is probable the jury would have reached a different verdict had the photograph not been admitted into evidence. For the foregoing reasons, we hold the trial of the defendant was free from reversible error.

No error.

Judges McGEE and HUNTER concur.